Lenard E. Schwartzer, NV Bar No. 0399
Jeanette E. McPherson, NV Bar No. 5423
Jason A. Imes, NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Timothy S. Cory, Disbursing Agent

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

LONGHORN ENTERPRISES dba GOLDEN STEER STEAKHOUSE,

Debtor.

BK-S-99-11631- MKN

Chapter 11

**DISBURSING AGENT'S MOTION TO MODIFY TERMS OF PROMISSORY NOTE DERIVED FROM SALE OF ASSETS (GOLDEN STEER STEAKHOUSE)**

Date: June 5, 2013
Time: 9:30 a.m.

Timothy S. Cory, Disbursing Agent, by and through his counsel, Lenard E. Schwartzer of the Schwartzer & McPherson Law Firm, moves this Court for an order authorizing the amendment of the second promissory note received from the sale of assets of the Golden Steer Steakhouse. This motion is made and based upon 11 U.S.C. §§ 363(b)(1) and 704(1), Fed.R.Bankr.P. 6004 and 11 U.S.C. §§ 365 (a) and 365(f)(1). The Disbursing Agent alleges:

**Facts**

1. Debtor filed for relief under Chapter 11 of the Bankruptcy Code on March 2, 1999. Timothy S. Cory was appointed the Chapter 11 Trustee of the estate of the above-referenced Debtor on November 24, 1999. A Plan of Reorganization ("Plan") was confirmed by an order entered March 10, 2002 and Timothy S. Cory is the duly appointed and acting Disbursing Agent under the Plan.

2. Assets of the estate included a restaurant business known as the Golden Steer Steakhouse located at 308 West Sahara Avenue, Las Vegas, Nevada (the "Business"), and a lease of the real property on which is situated at the improvements of the Business from Amber Investment Company dated May 1, 1987 and extended by Amendment to Lease dated March 27, 1996 (collectively the "Lease"). The real property and improvements contain certain leasehold improvements constituting property of the Debtor (the "Leasehold Improvements").

3. The Trustee sold the Business, the Lease, the Leasehold Improvements and the City of Las Vegas Liquor License pursuant to an ORDER GRANTING TRUSTEE'S MOTION TO SELL ASSETS OF DEBTOR FREE AND CLEAR OF LIENS AND ASSIGN LEASE AND APPROVING PAYMENT OF REAL ESTATE COMMISSION [Docket 146], a copy of which is attached as **Exhibit "1,"** pursuant the following terms:

| | |
|---|---|
| Buyer: | PRIME ENTERPRISES, a Nevada limited liability company |
| Price: | One Million Dollars ($1,000,000.00) |
| Payable: | Upon execution of the Agreement, Buyer deposited $25,000.00 with Trustee's counsel (the "Escrow Agent"); two promissory notes in the total amount of $750,000.00 payable over 8 years and 3 months, shall be executed by Buyer; the balance of the purchase price, $225,000.00, shall be deposited with the Escrow Agent at or before the time of Closing. In addition, Buyer purchase Consumables and Liquor Inventory at cost. |
| Terms: | Assets to be transferred and conveyed at Closing by bills of sale and other documents required to transfer good and marketable title and assignments; Trustee shall assign the Lease to Buyer through assignment documents as Buyer may reasonably request; terms and conditions are more particularly set forth in the Agreement. |
| Security: | The balance owed, $750,000, shall be secured by a security interest in the assets of Business including the Lease and shares of stock in ARET, Inc. |

4. The sale closed and the Debtor's Estate received two promissory notes. The first note, for $450,000, which required 60 monthly payments of $9,304.41 has been paid in full. The second note, a copy of which is attached as **Exhibit "2,"** for $300,000 ("Promissory Note #2"), requires monthly payments of $13,349.31 for 36 months beginning October 1, 2006 (and ending October 1, 2009).

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

5. In 2003, the Business was transferred from Prime Enterprises, LLC to P&M Holdings, LLC ("P&M"). P&M, the current owner and operator of the Business

6. Since the recession began, P&M has asserted that it cannot afford to pay monthly payments of $13,349.31 required by Promissory Note #2 and has requested that the monthly payments be reduced.

7. In 2007 and in 2010, the Disbursing Agent investigated the circumstances of the Business and came to the conclusion that the P&M request to amend Promissory Note #2 was reasonable, would lessen the likelihood of a future default with its attendant costs and was more attractive than foreclosing on the Business.

8. In February, 2007, the Disbursing Agent agreed to a revised payment schedule of a monthly payment, and the payment of the balance of the debt owed under Promissory Note #2 in January, 2010. P&M had difficulty making these monthly payments and could not make the balloon payment due in January, 2010. In February, 2010, the Disbursing Agent agreed to a revised payment schedule of a monthly payment, and the payment of the balance of the debt owed under Promissory Note #2 in February, 2013. P&M had difficulty making these monthly payments and could not make the balloon payment due in February, 2013.

9. The Disbursing Agent has again investigated the circumstances of the Business and has come to the conclusion that the P&M request to amend Promissory Note #2 is reasonable, will lessen the likelihood of a future default with its attendant costs and was more attractive than foreclosing on the Business.

10. In February, 2013, the Disbursing Agent agreed to a revised payment of $5,000 per month from February, 2013 until February, 2014 and $10,000 per month from March, 2014 until January, 2015 and the balance being due February 20, 2015 (the "Second Forbearance and Loan Modification Agreement"). See **Exhibit "3"**. As additional security, the principal of P&M, Michael Signorelli, has given the Disbursing Agent a second deed of trust on property located at 5021 Longboat Circle, Las Vegas, Nevada (APN 163-28-517-003) (the "Property"). The Disbursing Agent does not believe there is any equity in the Property in excess of the pre-existing first deed of trust.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

11. The Disbursing Agent has also agreed to waive any late charges incurred to the date of this motion.

12. The Disbursing Agent believes it is in the best interests of the bankruptcy estate to agree to the revision of the terms of Promissory Note #2 rather than to (a) declare a default, (b) begin foreclosure on the Business, (c) possibly, repossess the Business, and (d) possibly, be involved in a bankruptcy of P&M. This is an exercise of the Disbursing Agent's business judgment.

**Memorandum of Law**

The confirmed Plan of Reorganization provides: "The Disbursing Agent shall retain control of the Estate until creditors in CLASSES 1 through 6 and Administrative Expenses are paid in full." and "The Disbursing Agent shall retain the right to (1) enforce the promissory notes and security agreements arising from the sale of the assets of Megan, Inc. and the Golden Steer…" Classes 1 through 4 have been paid in full. As of December, 2012, Class 3 (IRS), Class 4 (Nevada department of Taxation and IRS). And Class 5 (Longhorn unsecured creditors) have been paid 100%. Class 6 (Kludjian unsecured creditors) have been paid 26% of their claims. See Disbursing Agent's Status Report [Docket 434]. Therefore, the determination to renegotiate the payment terms of the Promissory Note #2 is a matter of business judgment which judgment should be made by Mr. Cory the Disbursing Agent.[1] However, the Disbursing Agent is seeking Court approval as a matter of precaution against any later dispute over this issue.

The confirmed Plan gives the Disbursing Agent the right to enforce Promissory Note #2. However, right to enforce implies a right to exercise business judgment.

> "[B]ankruptcy trustees, who have a fiduciary obligation to the claimants against the bankruptcy estate, are generally given broad discretion to determine the best way to pursue the administration of the bankruptcy estate, and equally broad discretion to decide whether a compromise settlement--which may include a release of future claims or a covenant not to sue--is preferable to protracted litigation. As one bankruptcy court has noted:
> The administration of bankruptcy estates has twin goals of maximization of realization on creditors' claims and of prompt and efficient administration of the estate. To carry out this fiduciary duty to meet these goals, the trustee has a

[1] If Class 6 had been paid in full, Promissory Note #2 would be given to the shareholders of the Debtor.

P:\Cory\Longhorn\Longhorn\Pleadings\mtn modify terms of note 041613.doc

> generally-recognized discretionary authority to take the actions that are necessary to accomplish them.

*Hoseman v. Weinschneider*, 322 F.3d 468, 475 (7th Cir. 2003).

The Disbursing Agent has a similar fiduciary obligation to promptly distribute maximum dividends to claimants. It would make sense that the Disbursing Agent should have similar discretion as a trustee. However, that issue being in doubt, the Disbursing Agent requests Court approval of his decision to amend Promissory Note #2.

**Conclusion**

Wherefore, Disbursing Agent prays for an order (a) authorizing the modification of Promissory Note #2 to provide for monthly payments of $5,000 per month from February, 2013 until February, 2014 and $10,000 per month from March, 2014 until January, 2015 and the balance being due February 20, 2015 as provided in the Second Forbearance and Loan Modification Agreement or (b) affirming that the Disbursing Agent has the authority to make this amendment without Court approval, and for such other and further relief as the Court deems just and equitable.

Dated: April 22, 2013

Respectfully submitted,

Lenard E. Schwartzer, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas NV 89146
Attorneys for Timothy S. Cory, Disbursing Agent

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT "1"

ORIGINAL

RECEIVED AND FILED

2001 MAY 15 AM 8:55

UNITED STATES BANKRUPTCY COURT PATRICIA GRAY, CLERK

MAY 11 2001

Lenard E. Schwartzer, Esq.
Nevada Bar No. 0399
CiCi Cunningham, Esq.
Nevada Bar No. 4960
Mangels Butler Marmaro & O'Reilly LLC
325 South Maryland Parkway
Las Vegas NV 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266
E-mail: les@mbmo.com

Attorneys for Timothy S. Cory, Trustee

ENTERED MAY 16 2001

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re

LONGHORN ENTERPRISES dba GOLDEN STEER STEAKHOUSE

Debtor.

BK-S-99-11631 LBR
Chapter 11

**ORDER GRANTING TRUSTEE'S MOTION TO SELL ASSETS OF DEBTOR FREE AND CLEAR OF LIENS AND ASSIGN LEASE AND APPROVING PAYMENT OF REAL ESTATE COMMISSION**

DATE: May 3, 2001
TIME: 9:30 A.M.

On May 3, 2001 at 9:30 A.M., the Court conducted a hearing (the "Sale Hearing"), in respect of the Trustee's Motion to Sell Assets of Debtor Free and Clear of Liens and Assign Lease (the "Sale Motion"), filed by the Trustee in this Chapter 11 bankruptcy case. Lenard E. Schwartzer, Esq. of the law firm of MANGELS, BUTLER, MARMARO & O'REILLY LLC, appeared on behalf of the Trustee. Other appearances were as noted in the record.

Pursuant to the Sale Motion, the Trustee seeks, among other things, authority to: (i) sell the Golden Steer Steakhouse which is a substantial portion of the Debtor's assets free and clear of liens, claims and interests of others, with such liens, claims, and interests to attach to the proceeds of the sale with the same validity (or invalidity) and priority as existed prior to the sale, all as more particularly described in that certain Purchase Agreement and Escrow Instructions and attached to the Sale Motion as Exhibit "1" (the "Purchase Agreement") by and between the Trustee, on the one hand, and Prime Enterprises 2001, LLC, a Nevada limited liability company (the "Purchaser"), on the other



146

Law Office
MANGELS, BUTLER, MARMARO & O'REILLY LLC
325 S. Maryland Parkway, Suite 8
Las Vegas, Nevada 89101-5300
Telephone: (702) 382-2500 • Facsimile: (702) 384-6266



hand; and (ii) the assumption by the estate and assignment to the Purchaser of leases of the business premises at 308 West Sahara Avenue, Las Vegas, Nevada (the "Lease").

The Court read and considered the Sale Motion and supporting points and authorities, and Purchase Agreement and exhibits and schedules thereto, the Notice of the Sale Hearing, and all other papers filed in support of the Sale Motion, the representations of counsel, all matters of which the Court may take judicial notice and the record in Debtor's Chapter 11 case, hereby makes the following findings:

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

B. Proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing, the sale and the other transactions set forth herein or in the Purchase Agreement (the "Sale"), the assumption and assignment of the Lease have been provided. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

C. Good cause exists for approving the transactions described in the Sale Motion in that (I) the $1,000,000 Purchase Price to be paid by the Purchaser represents fair and adequate consideration for the assets being sold by the Debtors (the "Assets"); and (ii) the Sale provides sufficient funds to pay the Debtor's creditors in full.

D. The Trustee has marketed the Assets and conducted the sale process in a commercially reasonable manner.

E. The Purchaser negotiated the Purchase Agreement without collusion and at arm's length with the Trustee and is purchasing the Assets in "good faith."

F. The Trustee has demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the transactions and arrangements contemplated in the Purchase Agreement, including as a sale pursuant to 11 U.S.C. § 363(b) prior to, and outside of, a plan of reorganization.

G. The sale and other transactions and arrangements described in the Purchase Agreement must be approved and consummated promptly in order to preserve the value of the Assets.

Law Office
MANGELS, BUTLER, MARMARO & O'REILLY LLC
325 S. Maryland Parkway, Suite 8
Las Vegas, Nevada 89101-5300
Telephone: (702) 382-2500 • Facsimile: (702) 384-6266

H. No additional consents or approvals, other than those expressly provided for in the Purchase Agreement (such as, the licensing of the Purchaser by the City of Las Vegas to sell liquor) are required for the Debtor to consummate such transactions.

I. The sale of Assets and other Purchase Agreement transactions with the Purchaser is a prerequisite to the Debtor's ability to confirm and consummate a plan or plans of liquidation. The Sale is a sale in contemplation of a plan, and accordingly, a transfer pursuant to 11 U.S.C. § 1146(c), which shall not be taxed under any law imposing a transfer tax, stamp tax, or similar tax.

J. The Trustee has demonstrated that it is an exercise of their sound business judgment to assume and assign the Lease to the Purchaser in connection with the consummation of the Sale, and the assumption and assignment of the Lease is in the best interests of the Debtor, its estate and its creditors. The Lease being assigned to the Purchaser are an integral part of the business being purchased by the Purchaser and, accordingly, such assignment of Lease is reasonable, enhances the value of the Debtor's estate, and does not constitute unfair discrimination.

Based on the foregoing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

**GENERAL PROVISIONS**

1. The Sale Motion is granted and approved in its entirety.

**APPROVAL OF THE PURCHASE AGREEMENT**

2. The Purchase Agreement and all of the terms and condition thereof, are hereby approved in their entirety.

3. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized, directed and empowered (i) to consummate the Sale, pursuant to and in accordance with the terms and conditions of the Purchase Agreement, (ii) to execute, deliver, consummate, implement and fully perform the Purchase Agreement, together with all additional instruments and documents which may be reasonably necessary or desirable to implement the Purchase Agreement, and (iii) to take all further actions as may be reasonably requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser or reducing to possession, the Assets, or as may be

Law Office
MANGELS, BUTLER, MARMARO & O'REILLY LLC
325 S. Maryland Parkway, Suite 8
Las Vegas, Nevada 89101-5300
Telephone: (702) 382-2500 • Facsimile: (702) 384-6266



necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement.

**TRANSFER OF ASSETS**

4. Pursuant to 11 U.S.C. §§ 105 (a) and 363(f), the Assets shall be transferred to the Purchaser, and upon consummation of the Purchase Agreement (the "Closing") shall be, free and clear of all Encumbrances of any kind or nature whatsoever with all such Encumbrances of any kind or nature whatsoever to attach to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Assets without the need for any continued maintenance of perfection (whether as a record or by possession), subject to any claims and defenses the Debtor may possess with respect thereto.

5. Except as expressly permitted or otherwise specifically provided by the Purchase Agreement or this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding interests or claims of any kind or nature whatsoever against or in the Debtor or Encumbrances in the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), assign under or out of, in connection with, or in any way relating, the Debtor, the Assets, the operation of the business prior to the Closing Date, or the transfer of the Assets to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its successors or assigns, its property, or the Assets, such persons' or entities' interests, claims, or Encumbrances.

6. The transfer of the Assets to the Purchaser pursuant to the Purchase Agreement shall constitute a legal, valid, and effective transfer of the Assets, and shall vest the Purchaser with all right, title, and interest of the Debtor in any to the Assets free and clear of all Encumbrances of any kind or nature whatsoever.

7. This Order is and shall be effective as a determination that, upon the Closing, all Encumbrances existing as to the Assets conveyed to the Purchaser have been and are hereby adjudged and declared to be unconditionally released, discharged and terminated (with such

Law Office
MANGELS, BUTLER, MARMARO & O'REILLY LLC
325 S. Maryland Parkway, Suite 8
Las Vegas, Nevada 89101-5300
Telephone: (702) 382-2500 • Facsimile: (702) 384-6266

encumbrances to attached to the proceeds are provided herein) and that the conveyances described herein have been effected free and clear of all such Encumbrances. Any and all governmental recording offices and all other parties, persons or entities are hereby directed to accept this Order as such an assignment and/or bill of sale, and if necessary, this Order shall be accepted for recordation on or after the Closing, as conclusive evidence of the free and clear, unencumbered transfer of title to the Assets conveyed to the Purchaser at the Closing. Upon the Closing, all Encumbrances of record shall be removed and stricken as against the Assets.

8. Neither the purchase of the Assets by the Purchaser, nor the subsequent operation by the Purchaser of any business previously operated by the Debtor, shall cause the Purchaser to be deemed, under any theory of law or equity, a successor in any respect to the Debtor's business, within the meaning of any revenue, pension, COBRA, ERISA, tax, labor or environmental law, rule or regulation, under any products liability law with respect to the Debtor's liability, any employee benefits law, rule or regulation or any other law, rule or regulation.

9. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Trustee's sale of the Assets to the Purchaser. Pursuant to Section 1146(c) of the Bankruptcy Code, the sale of the Assets shall be exempt from any and all stamp, value-added, transfer, recording and other similar taxes and any transfer or recording fees or other similar costs incurred or assessed by any federal, state, local or foreign taxing authority (including interest and penalties, if any) in connection with the sale or transfer of the Assets or the transactions contemplated by the Purchase Agreement.

**TREATMENT OF EXECUTORY CONTRACTS**

10. Pursuant to Sections 105(a) and 365 of the Bankruptcy Code, and subject to any conditioned upon the Closing of the Sale, the Trustee's assumption and assignment to the Purchaser, and the Purchaser's assumption on the terms set forth in the Purchase Agreement, of the Lease is hereby approved, and the requirements of Section 365(b)(1) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

11. The Trustee is hereby authorized and directed in accordance with Section 105(a) and 365 of the Bankruptcy Code to (a) assume and assign to the Purchaser, effective upon the Closing

Law Office
MANGELS, BUTLER, MARMARO & O'REILLY LLC
325 S. Maryland Parkway, Suite 8
Las Vegas, Nevada 89101-5300
Telephone: (702) 382-2500 • Facsimile: (702) 384-6266

G:\BANKRUPT\Cory\Longhorn\Pleadings\order mtn sell assets.wpd



of the Sale, the Lease free and clear of all interests and claims of any kind or nature whatsoever, and (b) execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign and transfer the Lease to the Purchaser.

12. The terms and provisions of this Order shall be binding in all respects upon: (i) the Debtor; (ii) its shareholders, employees, officers, and directors; (iii) its creditors whether known or unknown; (iv) any parties having received notice of these proceedings; (v) any affected third parties and other parties-in-interest; (vi) any persons asserting an Encumbrance against or an interest in the Debtor's estate or to any of the Assets sold, conveyed and assigned pursuant to this Order; and (vii) all of the aforementioned parties' successors or assigns.

13. The Trustee is authorized to take such corporate action as may be necessary to implement the provisions of the Purchase Agreement and to execute and file any necessary document with any appropriate governmental authority and this Order shall constitute all approvals and consents, if any, required by the laws of any state necessary to file, record and accept such documents.

14. The Trustee is authorized to pay all undisputed prepetition secured claims secured by property sold to the Purchaser pursuant to the Purchase Agreement.

15. This court retains jurisdiction to (a) interpret, implement and enforce the terms and provisions of this Order and the terms of the Purchase Agreement and collateral documents, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith; (b) protect the Purchaser, or any of the Assets, against any Encumbrance; (c) compel delivery of all Assets to the Purchaser; (d) resolve any disputes arising under or related to the Purchase Agreement, the Sale contemplated thereby, and the Purchaser's peaceful use and enjoyment of the Assets; (e) interpret, implement and enforce the provisions of this Order; (f) adjudicate all issues concerning the Encumbrances and any other interest in and to the Assets, including the extent, validity, enforceability, priority and nature of all such Encumbrances; (g) adjudicate any and all issues and/or disputes relating to the Debtor's right, title, or interest in the Assets and the proceeds thereof, the Sale Motion and/or the Purchase Agreement; and (h) adjudicate any and all remaining issues concerning the Trustee's right and authority to assume and assign the

Law Office
MANGELS, BUTLER, MARMARO & O'REILLY LLC
325 S. Maryland Parkway, Suite 8
Las Vegas, Nevada 89101-5300
Telephone: (702) 382-2500 • Facsimile: (702) 384-6266





Lease referenced in the Agreement and the Purchaser's rights and obligations with respect to such assignment and the existence of any default under any Assumed Contracts.

16. The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the efficacy of such provision, it being the intent of the Court that the Purchase Agreement and each and every provision, term and condition thereof be authorized and approved in its entirety.

17. This Order shall constitute a final and appealable order as to all creditors and parties' in interest.

**PAYMENT OF BROKER**

18. The Trustee is authorized to pay RE/MAX Absolute Realtors and Andy Papazian a commission of ten percent (10%) of the Purchase Price.

**IT IS SO ORDERED.**

DATED this ____ day of May, 2001.

MAY 15 2001

UNITED STATES BANKRUPTCY JUDGE

Law Office
MANGELS, BUTLER, MARMARO & O'REILLY LLC
325 S. Maryland Parkway, Suite 8
Las Vegas, Nevada 89101-5300
Telephone: (702) 382-2500 • Facsimile: (702) 384-6266

**Submitted by:**

MANGELS, BUTLER, MARMARO & O'REILLY, LLC

Lenard E. Schwartzer
325 South Maryland Parkway
Las Vegas NV 89101
Attorneys for Timothy S. Cory, Trustee

**APPROVED/DISAPPROVED**

SILVESTER & POLEDNAK

Donald T. Polednak, Esq.
3016 W. Charleston Blvd.
Las Vegas, NV 89102
Attorney for Prime Enterprises 2001, LLC, Purchaser

G:\BANKRUPT\Cory\Longhorn\Pleadings\order mtn sell assets.wpd

# EXHIBIT "2"

**PROMISSORY NOTE #2**

$300,000.00 Las Vegas, Nevada June 8, 2001

The undersigned hereby promises to pay to the order of Longhorn Enterprises, Inc., a Nevada corporation, or its order, the principal sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) together with simple interest on the unpaid principal balance at the rate of EIGHT PER CENT (8.00%) per annum in monthly installments of THIRTEEN THOUSAND THREE HUNDRED FORTY-NINE DOLLARS and THIRTY-ONE CENTS ($13,349.31) beginning on the first day of the month which follows the sixty-third (63rd) month following the Closing Date and on the first day of each month thereafter. The entire principal balance together with accrued interest shall be due and payable on the last day of the month which follows the ninety-eighth (98th) month from the date hereof.

Principal and accrued interest may be prepaid at any time without penalty. Payment shall first be applied to interest and then to principal. If the undersigned fails to make any payment when due hereunder, and should that failure continue for a period of ten (10) business days following receipt of written notice thereof, then the holder hereof shall have the right to accelerate the entire unpaid balance of principal and interest and the balance due shall bear interest thereafter at the default rate of FIFTEEN PER CENT (15%) per annum.

If legal action is instituted relative to any default in the payment of this Promissory Note, the prevailing party in such legal action shall be entitled to an award of reasonable attorneys' fees, with the amount thereof to be determined by the court in such action.

This Promissory Note is secured by personal property security interests in the property of the undersigned and others.

The undersigned executed a promissory note of even date herewith in the amount of FOUR HUNDRED FIFTY THOUSAND DOLLARS ($450,000.00). Any default under that promissory note shall be deemed a default under this Promissory Note.

**PRIME ENTERPRISES 2001, LLC**
a Nevada limited liability company

By Michael J Signorelli
MICHAEL J. SIGNORELLI
(print name)
Its Manager

G:\BANKRUPT\Cory\Longhorn\Sale\Promissory Note #2 (final).wpd

# EXHIBIT "3"

**SECOND FORBEARANCE AND LOAN MODIFICATION AGREEMENT**
**(February 20, 2013)**

P & M Holdings ("P&M"), Timothy S. Cory, Disbursing Agent for Longhorn Enterprises, Inc. ("Cory"), and Michael J. Signorelli ("Signorelli") hereby agree to modify the terms of Promissory Note #2 dated June 8, 2001 (the "Note") upon the terms and conditions set out below (the "Agreement").

## RECITALS

A. **The Principal Amount of Note as of 1/18/2013 was $173,795.76 .**

B. The Note is secured by a first lien on the Golden Steer Restaurant, its furniture, fixture and equipment and its lease (the "Business") under the terms of various documents exercised at the time of the sale of the Business (the "Loan Documents").

C. All the Loan Documents, including but not limited to the Note, are valid and enforceable against P&M and the Business.

D. P&M and Cory previously entered into a Forbearance and Loan Modification Agreement in February, 2010.

E. P&M is currently in default in its obligation to pay the Note as modified by the Forbearance and Loan Modification Agreement of February, 2010 (the "Existing Default").

F. P&M has requested Cory to forbear from enforcement of the Existing Default and to further modify of the terms of the Note.

G. Signorelli is the manager and a member of P&M.

## AGREEMENTS

P&M and Cory hereby agree as follows:

1. The foregoing Recitals are incorporated into this Agreement without any difference or distinction between the two (2) segments of this Agreement. P&M acknowledges and confirm that each of the foregoing Recitals is true and correct.



Initials  ____

2. **The payments on the Note shall be modified to $5,000 per month for the months of February, 2013 through February, 2014 and to $10,000 per month for March, 2014 through January, 2015 (the "Forbearance Period").**

3. **On or before February 20, 2015, the remaining principal balance and all accrued interest due under the Note shall be paid.**

4. This Agreement may be subject to the approval of the U.S. Bankruptcy Court in the case of "Longhorn Enterprises, Inc." and Cory shall be responsible for seeking such approval if he deems it necessary. P&M will immediately make and Cory will accept the payments required by this Agreement.

5. P&M agrees that it is required to report and pay all future sales tax when due, report and pay all payroll taxes when due.

6. P&M reaffirms the security agreement which was part of the original sale to Prime Enterprises 2001, LLC and agrees to maintain insurance on the Business naming Cory as a loss payee.

7. Cory shall be entitled to conduct an audit of P&M's financial records and the sales receipts and expenses of the Business and to proof of insurance coverage.

8. Except as otherwise provided herein, all other documents and agreements between P&M and Cory shall remain in full force and effect.

9. Signorelli will deliver to Cory a deed of trust encumbering 5021 Longboat Circle, Las Vegas, Nevada which shall be additional security for the payment of the Note as modified by the Forbearance and Loan Modification Agreement of February, 2010 and as modified by this Agreement.

10. Unless all of the conditions set forth above are satisfied, Cory will be free to exercise all of its rights and remedies under the Loan Documents as modified by the Forbearance and Loan Modification Agreement of February, 2010. So long as all of the conditions set forth above are satisfied, and provided that the P&M comply with all of its obligations under the Loan Documents as modified by the Forbearance and Loan Modification Agreement of February, 2010 and as modified by this Agreement, Cory will forbear during the Forbearance Period from exercising its rights and remedies with respect to the Existing Default, and Cory will agree to the modification of the Note as provided herein.

[Signatures on next page]



Initials  ___

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**P&M Holdings**

By: Michael J. Signorelli

Its: Managing Member

TIN 91-2198066

Dated: March 11, 2013

Timothy S. Cory, Disbursing Agent

Dated: 3-18-12

Michael J. Signorelli

Michael J. Signorelli, Individually

Dated: March 11, 2013



Initials MJS ___