Lenard E. Schwartzer, NV Bar No. 0399
Jeanette E. McPherson, NV Bar No. 5423
Jason A. Imes, NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

Attorneys for Timothy S. Cory, Disbursing Agent

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br><br>LONGHORN ENTERPRISES dba GOLDEN STEER STEAKHOUSE,<br><br>Debtor. | BK-S-99-11631- MKN<br><br>Chapter  11<br><br>**DISBURSING AGENT'S MOTION TO ACCEPT DISCOUNTED PAYMENT OF PROMISSORY NOTE DERIVED FROM SALE OF ASSETS (MEGAN, INC.)**<br><br>Date:  June 5, 2013<br>Time:  9:30 a.m. |
|---|---|

   Timothy S. Cory, Disbursing Agent, by and through his counsel, Lenard E. Schwartzer of the Schwartzer & McPherson Law Firm, moves this Court for an order authorizing the amendment of the promissory note received from the sale of assets of the Megan, Inc.  This motion is made and based upon 11 U.S.C. §§ 363(b)(1) and 704(1), Fed.R.Bankr.P. 6004 and 11 U.S.C. §§ 365 (a) and 365(f)(1).  The Disbursing Agent alleges:

### Facts

   1.  Debtor filed for relief under Chapter 11 of the Bankruptcy Code on March 2, 1999. Timothy S. Cory was appointed the Chapter 11 Trustee of the estate of the above-referenced Debtor on November 24, 1999. A Plan of Reorganization ("Plan") was confirmed by an order entered March 10, 2002 and Timothy S. Cory is the duly appointed and acting Disbursing Agent under the Plan.

2.  Assets of the estate included a promissory note from Grunt 'N Glory, Inc. ("GNG") payable to Megan, Inc. (the "Promissory Note") from the sale of a bar and restaurant business then known as the L'Bombardier Restaurant & Lounge which now does business as The Escape Lounge (the "Business"), and a lease of the real property on which is situated at the assets of the Business. A copy of the Promissory Note is attached as **Exhibit "1"**. The Promissory Note is secured by the personal property assets sold to GNG.

3.  The Promissory Note required payments of $1,809.19 from March 29, 200 for 179 months (15 years). The last payment would be due February 28, 2014.

4.  In past two years, GNG has asserted that it cannot afford to pay monthly payments required by the Promissory Note and has requested that the monthly payments be reduced.

5.  The Disbursing Agent has again investigated the circumstances of the Business and has come to the conclusion that the GNG request to amend the Promissory Note is based on fact and has negotiated a discounted payoff of the Promissory Note which eliminate dealing with future defaults with its attendant costs and/or litigation and/or foreclosing on the personal property of the Business.

6.  In February, 2013, the balance due on the Promissory Note was approximately $21,954 plus default interest and late charges.

7.  On or about March 4, 2013, the Disbursing Agent agreed to accept $18,900 in full satisfaction of the balance due on the Promissory Note.

8.  The Disbursing Agent has received $9,000. The balance is due within 30 days.

9.  The Disbursing Agent believes it is in the best interests of the bankruptcy estate to agree to the discounted payoff of the Promissory Note rather than to (a) declare a default, (b) begin foreclosure on the personal property of the Business, (c) possibly, repossess the Business, and (d) possibly, be involved in a bankruptcy of GNG. This is an exercise of the Disbursing Agent's business judgment.

### Memorandum of Law

The confirmed Plan of Reorganization provides: "The Disbursing Agent shall retain control of the Estate until creditors in CLASSES 1 through 6 and Administrative Expenses are

paid in full." and "The Disbursing Agent shall retain the right to (1) enforce the promissory notes and security agreements arising from the sale of the assets of Megan, Inc. and the Golden Steer…" Classes 1 through 4 have been paid in full. As of December, 2012, Class 3 (IRS), Class 4 (Nevada department of Taxation and IRS). And Class 5 (Longhorn unsecured creditors) have been paid 100%. Class 6 (Kludjian unsecured creditors) have been paid 26% of their claims. See Disbursing Agent's Status Report [Docket 434]. Therefore, the determination to renegotiate the payment terms of the Promissory Note #2 is a matter of business judgment which judgment should be made by Mr. Cory the Disbursing Agent.[1] However, the Disbursing Agent is seeking Court approval as a matter of precaution against any later dispute over this issue.

The confirmed Plan gives the Disbursing Agent the right to enforce Promissory Note #2. However, right to enforce implies a right to exercise business judgment.

> "[B]ankruptcy trustees, who have a fiduciary obligation to the claimants against the bankruptcy estate, are generally given broad discretion to determine the best way to pursue the administration of the bankruptcy estate, and equally broad discretion to decide whether a compromise settlement--which may include a release of future claims or a covenant not to sue--is preferable to protracted litigation. As one bankruptcy court has noted:
> The administration of bankruptcy estates has twin goals of maximization of realization on creditors' claims and of prompt and efficient administration of the estate. To carry out this fiduciary duty to meet these goals, the trustee has a generally-recognized discretionary authority to take the actions that are necessary to accomplish them.

*Hoseman v. Weinschneider*, 322 F.3d 468, 475 (7th Cir. 2003).

The Disbursing Agent has a similar fiduciary obligation to promptly distribute maximum dividends to claimants. It would make sense that the Disbursing Agent should have similar discretion as a trustee. However, that issue being in doubt, the Disbursing Agent requests Court approval of his decision to amend Promissory Note #2.

---

[1] If Class 6 had been paid in full, Promissory Note #2 would be given to the shareholders of the Debtor.

## Conclusion

Wherefore, Disbursing Agent prays for an order (a) authorizing the acceptance of $18,900 as full payment of the Promissory Note (b) affirming that the Disbursing Agent has the authority to make this amendment without Court approval, and for such other and further relief as the Court deems just and equitable.

Dated: April 22, 2013

Respectfully submitted,

_____
Lenard E. Schwartzer, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas NV 89146
Attorneys for Timothy S. Cory, Disbursing Agent

P:\Cory\Longhorn\Longhorn\Megan\mtn modify terms of Megan note 041713.doc

# EXHIBIT "1"

## PROMISSORY NOTE

$189,209.56                                                    LAS VEGAS, NEVADA

FOR VALUE RECEIVED, the undersigned (hereinafter referred to as "Promisor") does hereby promise to pay in lawful money of the United States of America to the order of MEGAN, INC., a Nevada corporation, or Assignee, (hereinafter referred to as "Promisee") at C/O TIMOTHY S. CORY, ESQ., 3016 W. Charleston Blvd., #210, Las Vegas, NV 89102, the sum of ONE HUNDRED EIGHTY NINE THOUSAND TWO HUNDRED NINE AND 56/100 ($189,209.56), with interest at the rate of Eight (8%) percent per annum thereon.

Principal and interest to be paid as follows: $1,808.19 per month payable on the 29th day of each and every month beginning March 29, 2000, and on the same day of each and every succeeding month, for one hundred seventy-nine (179) more consecutive months, at which time the same will be paid in full.

In the event that the Promissor shall be in arrears for any payment for a period in excess of five (5) days, Promisee may notify Promisor of said default by certified mail, return receipt requested, to the Promisor at 4213 W. Sahara Ave., Las Vegas, NV 89102. Promisor shall then have fifteen (15) days from the date of posting of said notice of default to cure said default; if the same is not cured within the 15 days, then and in that event at the option of the Promisee, the entire amount due under this Promissory Note shall become immediately due and payable.

In the event that the Promisor shall be late in any payment due for a period in excess of five (5) days, the Promisee shall be entitled to a late fee of 5% of the payment then due.

The sum is payable at the principal office of Promisee indicated above, or at such other place as the holder may from time to time designate in writing.

Promisor shall have the right of prepayment without penalty, provided that such payments be in multiples of ONE THOUSAND DOLLARS ($1,000.00). Each payment shall be applied first to the payment of accrued interest, if any, then late fees, if any, and the balance shall be applied to the payment of principal.

Promisor and all others who may become liable for the payment of all or any part of this obligation do hereby severally waive presentation for payment, protest and demand, notice of protest, demand and dishonor, or nonpayment of this

Note, and hereunder, may be extended from time to time without affecting the liability of each. Said parties consent to any extension of time of payment hereof, or the release of any party liable for this obligation. Any such extension or release may be made without notice to any of said parties and without discharging their liability.

None of the rights and remedies of the holder hereunder are waived or affected by failure or delay to exercise them. All remedies conferred on a holder by this Note or any other instrument or agreement shall be cumulative, and none are exclusive. Such remedies may be exercised concurrently or consecutively at the holder's option.

Promisor promises to pay attorney's fees and costs incurred in collection and/or enforcement of this Note or any part hereof; and in the event of any Court action, all costs and such additional sums as attorney's fees as the Court may adjudge reasonable.

The obligations of any party liable for the payment or performance of all or any part of this obligation shall be joint and several.

The laws of the State of Nevada shall govern the validity, construction, performance and effect of this Note.

IN WITNESS WHEREOF the undersigned has caused this Note to be executed this ___ day of _Feb._, 2000.

GRUNT 'N GLORY, INC.

_____
JEFFREY KESAR,
President